# Pentony *v.* Pennsylvania Railroad Company, Appellant.

*Equity—Buildings—Extensions over boundary line—Cornices—Contract.*

On a bill in equity the court will compel the removal of cornices, window sills, decorative ornaments and foundation walls extending beyond the defendant's line and protruding over the adjoining property, if the protruding portions of the defendant's building are parts of a permanent structure built up to the division line, and if it appears that by a recorded agreement between the defendant and plaintiffs' predecessors in title the defendant agreed to remove on thirty days' notice all projections of the property extending beyond its line, and that such notice was given.

Argued March 23, 1911.  Appeal, No. 64, Jan. T., 1911,

by defendant, from decree of C. P. No. 1, Phila. Co., Sept. Term, 1907, No. 703, on bill in equity in case of Joseph Pentony and Patrick McCabe v. The Pennsylvania Railroad Company. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction to compel the removal of cornices, window sills, ornamental terra cotta and granite bands, foundation walls, etc., on defendant's building projecting over the plaintiff's property. Before MAGILL, J.

From the record it appeared that the extension complained of were parts of a permanent structure built up to the division line. It also appeared that on March 28, 1904, the defendant and the plaintiff's predecessors in title entered into an agreement, which was recorded, by which the defendant agreed to remove on thirty days' notice all projections of its property extending beyond its line, and that such notice had been given. The court awarded the injunction.

*Error assigned* was decree awarding an injunction.

*E. J. Sellers*, of *Sellers & Rhoads*, for appellant.

*Daniel C. Donoghue*, with him *M. Hampton Todd*, for appellees.

PER CURIAM, April 24, 1911:

The finding of the court below that the defendant has encroached upon the lots belonging to the appellees has not been assigned as error, and they are, therefore, entitled to the order requiring the appellant to abate and remove from their property so much of the foundation or retaining walls as extend beyond the dividing or property line of the premises. The decree requiring the defendant to abate and remove all parts of its building protruding or projecting upon or overhanging the appellees' premises,

is but an enforcement of the agreement of March 28, 1904, between the appellant and the appellees' predecessors in title.

Decree affirmed at appellant's costs.